UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JONATHAN PACHECO-SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>LEANDER HOLSTON, *et al*.,<br><br>Respondents. | Case No.: 2:26-cv-00330-RFB-NJK<br><br>**ORDER GRANTING WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Jonathan Pacheco-Sanchez's Verified Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention at Henderson Detention Center in the custody of Federal Respondents. He asserts he is entitled to relief as a member of the certified nationwide "Bond Eligible Class" pursuant to the final declaratory judgment entered in Maldonado Bautista v. Santacruz, 5:25-cv-01873-SSS-BFM, --- F. Supp.3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), because he (1) entered the U.S. without inspection, (2) was not apprehended upon arrival to the U.S. and (3) is not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231. Verified Petition ("Pet.") at 2-3, ECF No. 1. The Maldonado Bautista judgment declared that Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge pursuant to 8 C.F.R. §§ 236.1, 12361.1, and 1003.18. See Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Petitioner separately asserts his detention by Respondents without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality

1  Act (INA) because he is properly detained under § 1226(a) and its implementing regulations. See
2  Pet at 9-10, ECF No. 1.

3  Respondents' Return to the Petition concedes that Petitioner is a member of the <u>Maldonado</u>
4  <u>Bautista</u> class but asserts that Petitioner's reliance on that case "is misplaced, because the Court in
5  that case did not issue a class-wide declaratory judgment," which is simply not the case. <u>See</u> ECF
6  No. 6 at 3, <u>but see</u> <u>Maldonado Bautista</u>, 2025 WL 3678485 (final declaratory judgment certified
7  under Federal Rule of Civil Procedure 54(b)). Beyond that, the only authority Respondents provide
8  for continuing to detain Petitioner without a bond hearing is their novel statutory interpretation of
9  § 1225(b)(2)(A), which this Court has repeatedly found is unlawful. <u>See</u>, e.g., <u>Jacobo-Ramirez v.</u>
10 <u>Noem</u>, No. 2:25-cv-02136-RFB-MDC, 2026 WL 310090 (D. Nev. Feb. 5, 2026) (collecting cases).
11 For the following reasons, the Court finds Petitioner is entitled to relief as a Bond Eligible Class
12 member in <u>Maldonado Bautista</u>, and separately and independently finds Respondents' ongoing
13 detention of Petitioner under § 1225(b)(2)(A) is unlawful under the INA. Thus, for the following
14 reasons, the Court grants the Petition and orders Respondents to provide Petitioner a prompt bond
15 hearing or immediately release him from custody.

16 The Court makes the following findings of fact based on the Verified Petition and evidence
17 supplied by the parties. Petitioner is a 28-year-old native and citizen of Mexico who has resided in
18 the United States since in or around November 2000, when he entered the country without
19 inspection. <u>See</u> Verified Petition ("Pet.") at 4, ECF No. 1. During his 25 years of residence in our
20 country, he has developed strong community ties and stable employment as an owner-operator of
21 a landscaping company in Las Vegas, Nevada. <u>Id.</u> at 6. His only criminal history is a January 30,
22 2026 arrest for allegedly driving under the influence, a charge which remains pending. <u>See</u> Order
23 of Immigration Judge, ECF No. 1-1 at 1. On the date of Petitioner's arrest, ICE Enforcement and
24 Removal Operations ("ERO") received a Temporary Custody Record from the North Las Vegas
25 Police Department (NLVPD), and ERO lodged an immigration detainer. <u>See</u> Respondents' Return,
26 Ex. B, Form I-213 at 3, ECF No. 6-2. On January 31, 2026, NLVPD released Petitioner and
27 transferred him to ICE custody. <u>Id.</u> at 3-4. ERO then commenced removal proceedings against
28 Petitioner charging him as, *inter alia*, being present in the United States without admission or

1  parole and therefore removable under 8 U.S.C. § 1182(a)(6)(A)(i). Id. ERO then transferred him
2  to Henderson Detention Center, where he remains detained. Id.

3  Petitioner sought a custody redetermination hearing (*i.e.* bond hearing) pursuant to 8 C.F.R.
4  § 1236. See Order of Immigration Judge, ECF No. 1-1 at 2; Respondents' Return, Ex. C, ECF No.
5  6-3. Before the Las Vegas Immigration Court, Petitioner's counsel argued that the declaratory
6  judgment in Maldonado Bautista entitled Petitioner to an individualized bond hearing under §
7  1226(a) and its implementing regulations. Id. at 2-3. The immigration judge (IJ) nevertheless
8  denied bond for lack of jurisdiction, finding that she was bound to follow the Board of Immigration
9  Appeals precedential decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025)
10 ("Hurtado"), because the Maldonado Bautista Court did not vacate Hurtado under the
11 Administrative Procedures Act (APA). See id. However, on February 18, 2026, the Maldonado
12 Bautista Court *did* vacate Hurtado under the APA, 5 U.S.C. § 706(2)(A). See Maldonado Bautista
13 v. Noem, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026).
14 Consequently, the immigration court's legal basis for not providing Petitioner with the relief of an
15 individualized bond hearing established in Maldonado Bautista is now void. Respondents,
16 including the immigration court, are directed to provide Petitioner with a bond hearing as required
17 by Maldonado Bautista.

18 Further, this Court independently rejects Respondents' and Hurtado's statutory
19 interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioner, who was arrested by
20 ICE far from any border or port of entry after decades of residence in this country, for the reasons
21 discussed in detail in this Court's previous decisions, which the Court incorporates and adopts by
22 reference in this case. See, e.g., Escobar Salgado v. Mattos, ---- F.Supp.3d ---, No. 2:25-CV-01872-
23 RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); Jacobo Ramirez v. Noem, --- F. Supp. 3d
24 ---, No. 2:25-CV-02136-RFB-MDC, 2025 WL 3270137, at *7-11 (D. Nev. Nov. 24, 2025). The
25 Court is not persuaded to reconsider its statutory analysis by the small pool of nonbinding case
26 law Respondents cite, including the recent Fifth Circuit decision in Buenrostro-Mendez v. Bondi,
27 Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the
28 reasons identified in dissent by Judge Douglas, see id., at *10-18 (Douglas, J., dissenting), and by

other district courts. See, e.g., Carbajal v. Wimmer, No. 2:26-CV-00093, 2026 WL 353510, at *4 (D. Utah Feb. 9, 2026); Singh v. Baltazar, No. 1:26-CV-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026).

Accordingly, consistent with Petitioner's entitlement to relief as a Bond Eligible Class member pursuant to Maldonado Bautista and, separately and independently, this Court's own decision on the merits of Respondents' detention policies under § 1225(b)(2)(A), the Court finds Petitioner's detention without a bond hearing violates the INA. Escobar Salgado, 2025 WL 3205356, at *10-26 (D. Nev. Nov. 17, 2025). The Court therefore orders Respondents to provide Petitioner a bond hearing wherein the government bears the burden of establishing an individualized, constitutionally recognized interest in civilly detaining Petitioner, *i.e.*, that his detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

Consistent with its broad equitable authority to fashion a habeas remedy for unlawful detention "as law and justice require," the Court finds that, given the arbitrary deprivation of liberty that Petitioner has suffered and continues to suffer due to Respondents' unlawful detention policies, Respondents must provide a bond hearing promptly, no later than **February 2, 2026**, or immediately release him from custody on his own recognizance. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

Based on the foregoing **IT IS HEREBY ORDERED** that the (ECF No. 1) Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents, including the immigration court, must provide Petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a) no later than **February 24, 2026**. The immigration court must create a contemporaneous record of the bond hearing that is available to Petitioner upon request. See, e.g., Rodriguez v. Robbins, 715 F.3d 1127, 1136 (9th Cir. 2013).

**IT IS FURTHER ORDERED** that if bond is granted, Respondents are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from detention. The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond

through ICE payment portals, and, therefore, **IT IS FURTHER ORDERERD** that Petitioner be afforded until **March 24, 2026** to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not conducted by **February 24, 2026**, Respondents must **IMMEDIATELY RELEASE PETITIONER** from custody **ON HIS OWN RECOGNIZANCE**.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner during the pendency of his current removal proceedings unless and until it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate bond hearing.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **February 25, 2026**. The status report shall detail if the bond hearing occurred, if bond was granted or denied, and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred, the status report shall confirm Petitioner's release from detention in compliance with this Order.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this matter to enforce the judgment without filing a separate case. The Court also retains jurisdiction to consider Petitioner's request for fees and costs. Any fee petition should be filed within the deadlines and consistent with the requirements set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DATED:** February 20, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**